IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHIRLEY A. COLE                                                       PLAINTIFF

        v.                                CIVIL NO. 10-2001

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On April 23, 2003, plaintiff filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act. (Tr. 58). On June 30, 2005, an Administrative Law Judge ("ALJ") issued an unfavorable decision denying plaintiff's request for benefits, which plaintiff appealed to the United States District Court for the Western District of Arkansas. (Tr. 4-6, 15-23). On January 16, 2007, the Court affirmed the Commissioner's denial of benefits. Subsequently, on March 19, 2007, plaintiff filed a second application for DIB along with additional medical records which she contended were new and material evidence. (Tr. 350, 388-390). Plaintiff's date last insured for her second application was June 30, 2002. On November 2, 2007, plaintiff clarified that it was her request that the ALJ reopen the prior administrative decision dated June 30, 2005. (Tr. 329, 350, 388-90, 502). On May 11, 2009, an ALJ issued an administrative decision determining that plaintiff's new evidence was neither new nor material and that plaintiff had failed to show good cause for reopening the prior administrative decision of June 30, 2005. Therefore, the ALJ denied plaintiff's request to review this decision. Plaintiff then filed the present appeal challenging the Commissioner's final decision dated May 11, 2009. The defendant's answer and the transcript were filed on April 14, 2010.

On June 14, 2010, Defendant's filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction based on the doctrine of *res judicata*. (Doc. 12). Plaintiff responded alleging that the defendant failed to raise *res judicata* as an affirmative defense in his answer, thereby waiving his right to claim this affirmative defense. She also contended that her case falls within the purview of section 205(g) as a final decision made after a hearing and the Notice of Appeals Council Action notifying her that she could appeal the Commissioner's decision to this Court granted her jurisdiction to do so.

**Discussion**

Initially, plaintiff contends that the defendant's failure to raise *res judicata* as an affirmative defense in his answer precludes him from doing so now. Although the preferable method of asserting affirmative defenses such as *res judicata* is in an answer, and not in a motion to dismiss, failure to do so does not necessarily result in a waiver of the defense. "When an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal." *See First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). The question is really whether the party asserting the defense raised the issue at a pragmatically sufficient time to place the opposing party on notice and whether the opposing party was prejudiced in its ability to respond. *See Sanders v. Department of the Army*, 981 F.2d 990, 991 (8th Cir. 1992) (per curiam) (district court did not have to require formality of amended answer, and properly exercised discretion to allow government to raise affirmative defense for first time in motion to dismiss, which was sufficient notice to plaintiff). Given the fact that plaintiff's complaint did not make clear the underlying facts of the case, making it impossible for the defendant to have raised this issue in his answer, we find that the issue has been properly raised

by the defendant in his motion to dismiss, responded to by the plaintiff, and is now before this Court for resolution.

Therefore, we must determine whether has jurisdiction to review the contested agency action. Section 405(g) of Title 42, United States Code, authorizes judicial review of "any final decision of the Commissioner ... made after a hearing." *See Mason v. Barnhart,* 406 F.3d 962, 964 (8th Cir. 2005). Under § 405(g), courts generally lack jurisdiction to review the Commissioner's refusal to reopen the proceeding because a refusal to reopen the proceeding is not a "final decision of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g); *see Califano v. Sanders,* 430 U.S. 99, 107-08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995). Reopening is a matter committed to the Secretary's discretion and may be decided without a hearing. *Califano*, 430 U.S. at 108; *Krumpelman v. Heckler*, 767 U.S. 586, 588 (1985).

After reviewing the record, it is clear the reason for plaintiff's filing of her 2007 application for DIB was to request that the Administration reopen her 2003 application. We note that plaintiff applied only for DIB. Her date last insured was June 30, 2002. The administrative decision denying her 2003 application for benefits was final on June 30, 2005, when plaintiff filed her 2007 application alleging the same onset date as her first application. However, because the 2005 opinion was a final agency decision, plaintiff could not allege an onset date prior to July 1, 2005, on her 2007 application. *See Hillier v. Social Sec. Admin*, 486 F.3d 359, 364-365 (8th Cir. 2007) (holding that *res judicata* bars subsequent applications for benefits based on the same facts and issues the Commissioner previously found to be insufficient to prove the claimant disabled). Her eligibility for DIB had clearly expired by this time. As such, her only hope was to attempt to put forth new and material evidence in an effort to have her prior application reopened. *See* 20 C.F.R. § 404.989(1)

(Good cause to reopen a decision can be established by new and material evidence). At the administrative hearing, plaintiff's attorney made it very clear that his client was seeking to reopen her previous application. (Tr. 502-505). Accordingly, it is clear to the undersigned that plaintiff is seeking the review of an agency decision refusing to reopen plaintiff's 2003 application.

Plaintiff seeks to distinguish her case from the cases denying jurisdiction, stating that the ALJ held a hearing in her case, bringing it within the scope of section 205(g), which provides for judicial review of "any final decision of the Secretary made after a hearing . . . ." However, this interpretation was ruled out by *Sanders* when the court excluded all decisions that were not required to be preceded by a hearing, whether or not they were in fact preceded by a hearing. 430 U. S. at 108. "The opportunity to reopen final decisions and any hearing convened to determine the propriety of such actions are afforded by the Secretary's regulations and not by the Social Security Act." *Id*. Therefore, although the Commissioner could have refused to reopen the prior decision without granting a hearing, the fact that he did hold a hearing does not change the fact that subject matter jurisdiction is lacking. *See Carney v.* Califano, 598 F.2d 472, 473-474 (8h Cir. 1979); *Latona v. Schweiker*,707 F.2d 79, 81 (2nd Cir. 1983) (per curiam) ; *Cappadora v. Celebrezze*, 356 F.2d 1, 4-5 (2d Cir. 1966).

Having concluded that plaintiff's claim falls within the purview of the cases denying jurisdiction, we must determine whether her claim fits into any of the noted exceptions. Jurisdiction may exist, if the claimant challenges the refusal to reopen and the prior application is constructively reopened. *Boock,* 48 F.3d at 351. Where the Secretary, in denying a request for reopening an earlier application, nevertheless addresses the merits of that application, the application can be treated as having been "constructively reopened" as a matter of administrative discretion. A district court may

4

then review the Secretary's refusal to reopen the application, to the extent that it addresses the merits. *See Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir. 1985) (citing *McGowan v. Harris,* 666 F.2d 60, 65-66 (4th Cir. 1981)); *see also Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir. 1989); *Underwood v. Bowen,* 807 F.2d 141, 143 (8th Cir. 1986).

In his opinion, the ALJ acknowledged that plaintiff sought to reopen her 2003 application and introduce new and material evidence consisting of an intellectual assessment dated May 29, 2007, in an attempt to call into question her mental status as of her date last insured. He noted that the previous unfavorable hearing decision indicated on its face that the ALJ specifically considered plaintiff's mental evidence. Her treating psychiatrist's assessment dated August 2004, which was well before the May 29, 2007, intellectual assessment of the one-time consultative examiner plaintiff sought to introduce, was properly considered and weighed. Accordingly, the ALJ concluded that no good cause existed for reopening the prior unfavorable decision because the 2007 intellectual assessment plaintiff proffered at the hearing was neither new nor material.

We do note that the ALJ held a hearing on February 3, 2009, at which time plaintiff and her husband briefly testified to plaintiff's impairments during the relevant time period. However, as evidenced above, the ALJ simply made a threshold inquiry into the facts and evidence of the previous application to determine if the regulatory requirements for reopening the previous claim had been met. *See Califano*, 430 U.S. at 108; *see also Byam v. Barnhart,* 336 F.3d 172, 180 (2d Cir. 2003) (decision not to reopen is not a final decision for the purposes of § 405(g) and is generally not reviewable even if there was a hearing in the case).

As it is clear that the Secretary never reached the merits of the 2003 claim in denying plaintiff's request to reopen, jurisdiction over that decision cannot rest on a theory of constructive

5

reopening.  *See Hudson*, 870 F.2d at 1395; *see also Burks-Marshall v. Shalala,* 7 F.3d 1346, 1348 (8th Cir.1993); *Coates on Behalf of Coates v. Bowen,* 875 F.2d 97, 101 (7th Cir.1989) (no constructive reopening after four years because concept "cannot extend beyond the scope of authority granted under the regulations").  "The mere allowance of evidence from the earlier applications, without more, cannot be considered a reopening of the earlier case." *Burks-Marshall v. Shalala,* 7 F.3d 1346, 1348 (8th Cir. 1993); ; *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989) (holding that mere recitation of evidence accompanying the application to determine whether there were sufficient grounds to reopen the prior application does not meet *Jelinek* exception).

Plaintiff's last option would be to put forth a colorable constitutional claim.  However, she specifically states in her brief that she does not need to allege a colorable constitutional claim because she was granted subject matter jurisdiction by the Appeals Council.  Specifically, she relies on the recitation in the Notice of Appeals Council Action advising her that she can appeal an unfavorable decision to the court. We note that this is standard language used in every Appeals Council notice.  And, while the Appeals Council should not have included this language in plaintiff's notice, the Secretary cannot, by consent or otherwise, create subject matter jurisdiction to review a decision that is not a "final decision made after a hearing" within the meaning of 205(g)." *Latona*, 707 F.2d at 81.  Accordingly, plaintiff's argument is without merit.

We note that nothing about the administrative proceedings held in this case (1) indicates the ALJ could not render a fair judgment, (2) shows the procedural safeguards were constitutionally inadequate, or (3) shocks the conscience. *Cf. Liteky v. United States,* 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (stating that to prove a due process violation based on bias, the decision-maker's behavior must have been "so extreme as to display clear inability to render fair

judgment"); *Skokos v. Rhoades,* 440 F.3d 957, 962 (8th Cir. 2006) ("For the conduct to amount to a constitutional deprivation, the state actor's conduct must be egregious or, in other words, arbitrary, or conscience shocking, in a constitutional sense." (internal quotation marks and citations omitted)); *Parrish v. Mallinger,* 133 F.3d 612, 615 (8th Cir. 1998) ("A procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures."). Accordingly, we find that the ALJ's June 30, 2005, opinion constitutes *res judicata* and that this Court lacks subject matter jurisdiction to consider plaintiff's appeal of the 2007 administrative determination not to reopen the 2005 decision as it does not constitute a final agency decision.

**<u>Conclusion</u>**

Accordingly, we find that plaintiff has failed to show that this Court has jurisdiction to review the ALJ's May 11, 2009, decision denying her request to reopen the prior administrative hearing decision. Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction is hereby GRANTED.

IT IS SO ORDERED this 8th day of September 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE